| | | |
|---|---|---|
| Keith Bernard Crenshaw,<br>Movant, | * | |
| | * | 28 U.S.C. § 2255 |
| v. | | |
| | * | Case Number 02 CR 00013 JMR/ESS |
| United States of America,<br>Respondent. | * | |

**ATTACHED PAGES**

Authorization to file 2255 Motion

**JURISDICTION**

Jurisdiction is invoked pursuant to Title 28 U.S.C. § 2255, which provides that:

> **Federal Custody; remedies on Motion attacking sentence.**
>
> **A person in custody under sentence of a court...claiming the right to be release upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence,...or is otherwise subject to collateral attack,may move the Court which imposed the sentence to vacate,set aside or correct the sentence.**

This Motion under 28 U.S.C. § 2255 is timely filed within the statute of limitations.

**EVIDENTIARY HEARING**

The law governing procedures held pursuant to Section 2255 virtually mandate that the district court hold an evidentiary hearing "unless the files and records of the case conclusively show that the movant is entitled to no relief". To be entitled to an evidentiary hearing, the movant need only make factual allegations

SCANNED
MAR 07 2005
U.S. DISTRICT COURT ST. PAUL

that, if true would entitle him relief.... The movant contends that the facts of this motion will clearly show that he is entitled to relief. In that movant is "actually and legally" innocence of the Murder in aid of racketeering,that he was denied due process under the Fifth Amendment, and that he was denied effective assistance of counsel under the Sixth Amendment of the United States Constitution. As such, movant request that this Honorable Court grant him an evidentiary hearing in this matter.

## PRO SE STATUS

The movant states that pursuant to the provisions contained in Haines v. Kerner, 404 U.S. 519, as well as current law and procedure, it is his prayerful hope that this court will overlook any minor procedural inadequacies, (inferred or otherwise), associated with this action, as he is a layman an thus, is not well-versed in all of the intricacies of legal procedure and/or practice. This court should view this action with a tolerant eye towards the movant's pro se status, as well as the good-faith intent on his part to comply with any and all rules.

## STATEMENT OF CASE

Movant was charged in a one count indictment,with the crime of Murder in aid of Racketeering and Aiding and Abetting, 18 U.S.C. §§ 1959 and 2. Movant's trial in the district court of Minnesota, was presided over by the Honorable Judge James M. Rosenbaum. The offenses of the charge stem from the July 20,1996 shooting of four (4) years Davisha Brantley-Gillum in St. Paul, Minnesota. In a

trial by jury, movant and two (2) co-defendants were found guilty of the one count indictment on June 12,2002. On December 4,2002, the district court sentenced movant to life imprisonment. Movant appealed to the Eighth Circuit Court of Appeals which affirmed movant's conviction. Movant now presents this timely cause of action under 28 U.S.C. § 2255.

## ISSUE ONE

**Movant's conviction was obtained in violation of the Fifth Amendment "Due Process Clause" in that movant is "Actually and Legally" innocence of the charge of Murder in Aid of Racketeering and Aiding and Abetting.**

Movant was indicted and convicted in one of the most highly publicized crimes in the history of the State of Minnesota, in particular St. Paul,Minnesota. It was imperative that the crime involving the shooting of four (4) year old Davisha Brantley-Gillum, be solved, and in this instant case by any means necessary

Movant was indicted for the offense of Murder in Aid of Racketeering, and Aiding and Abetting, 18 U.S.C. §§ 1959 and 2. The government's theory of the case against movant was that movant,committed the crime for the purpose of gaining entrance into the Rolling 60's Crips. Which was classified as a enterprise involved in Racketeering activity,the distribution of cocaine and crack cocaine. The Rolling 60's Crips,a Los Angles,California street gang,had expanded its operation to the St. Paul,Minnesota area. The gang was headed by one Terron "Rico" Williams,his brother Gregory "G" Hymes and a few others. Williams,Hymes,and Maalik Harut were the government's star witnesses against movant.

Movant asserts viewing the case against him in a light most favorable to the government, he is "actually and legally" innocence of the murder in aid of racketeering charge. In the instant case, the indictment and evidence was that; 1) the Rolling 60s Crips Gang, constituted an enterprise,who's primary purpose was to earn money for its members and associates through the sale of cocaine and crack cocaine,along with the purpose of the enterprises commission of violent acts against perceived enemies of the enterprise; 2) the Rolling 60s Crips Gang, through its members and associates,engaged in rackerteering activity as defined in 18 U.S.C. §§ 1959(b)(1) and 1961(1),namely narcotics trafficking; and 3) that movant for the purpose of gaining entrance to...the Rolling 60s Crips Gang...and knowing murdered and aided and abetted...the murder of Davisha Brantley Gillum, age four,in violation of Minnesota Statutes §§ 609.185 subdivision (1) and 609.05 all in violation of Title 18,United States Code, Section 1959(a)(1),and Title 18, United States Code,Section 2

The evidence and testimony in the instant case was that the Rolling 60s Crips was involved in a gang war with another street gang in St. Paul,Minnesota called the Bogus Boys. The leader of the Rolling 60s Crips Terron "Rico" Williams had issued orders for the members of the Rolling 60s to shoot Bogus Boys. On July 20,1996,in St. Paul, Minnesota at a Amoco filling station,members of the Rolling 60s Crips shot and killed a four (4) year old girl named Davisha Brantley Gillum in a shootout with members of the Bogus Boys,that much is clear. The evidence at trial was riddled with lies,half-truths, innuendoes and questionable circumstantial evidence,with it being

alleged that movant was one of the shooters. For the sake of argument within this instant motion,movant was found guilty as one of the shooters of the July 20,1996 shooting.

Movant as the evidence shows was not a member of the Rolling 60s enterprise. Terron "Rico" Williams the leader of the Rolling 60s Crips enterprise testified that he "actually don't know" when asked by the government about movant's relationship with the Rolling 60s gang. Williams further stated that movant "belonged to a few different gangs", the 187s and ABKs. There was no evidence or testimony directly ot indirectly, that if movant did belong to those gangs that those gangs were involved in interstate commerce activities that could be defined under the federal racketeering statute. Neither was there evidence or testimony directly or indirectly, that movant participated in the activities of the Rolling 60s Crips entereprise that had an effect on interstate commerce. To be a associate of a criminal enterprise, one must have engaged in the criminal activities of the enterprise. The law is clear that noncriminal association with enterprise members is insufficient to make one an "associate" to a RICO enterprise. In order to convict movant for violation of a 18 U.S.C. § 1959 offense, the government had to prove that movant was somehow engaged and connected in economic activity,to satisfy the interstate commerce jurisdictional element. The Rolling 60s Crips,was legally defined as a enterprise who's activities had an effect on interstate commerce. What was not clear and/or defined was how for legal purposes movant was a associate of the Rolling 60s to fit into the racketeering activities. The government presented no evidence or testimony

directly or indirectly connecting movant to any criminal activity, for RICO purposes. As the district court instructed the jury,this case or charges is not about murder,through murder is involved,its about murder in aid of racketeering.

The district court in reading the instructions to the jury stated, "the Rolling 60s Crips,through its members,engaged in racketeering activity";the defendants,and each one of them are named,for the purpose of gaining entrance into...the gang,which was an enterprise engaged in racketeering activity". The district court further stated in it's instructions "members of the jury,thats the charge. Not murder,... its murder as part of a racketeering activity". Thus,in order to convict movant,the government had to prove movant's participation in the racketeering activities of the Rolling 60s enterprise. This was not proven in this case. Movant should not have been convicted for murder in aid of racketeering. With the government labelling movant and his co-defendants Timothy Kevin McGruder,and Kamil Hakeem Johnson as the bad men,as such they were to lose at all cost. At the appellant level, the government in this case went as far as misrepresenting facts to the Appeals Court,in relationship to essential elements of the case, by stating that on page 549 of the trial transcripts that testimony exist that movant participated in the activities of the Rolling 60s enterprise. A look at page 549 of the trial transcripts no such testimony exist. Looking at the key witnesses against movant who should have have been able to establish the racketeering activity for the government

none of these witnesses,Maalik Harut,Gregory Hymes,or Terron Williams provided evidence or testimony that would have allowed the government to satisfy the statutes interstate commerce jursidictional element.

In Waucaush v. United States,380 F3d 251, movant pursuant to 28 U.S.C. § 2255,asserted actual innocence of the RICO charge, where the Appeals Court ruled that "violence qua violence" is not economic activity that can establish RICO jurisdiction. As the district court instructed the jury in this instant case,"members of the jury,thats the charge. Not murder,although murder's involved in it. It's murder as part of a racketeering activity,...." In the Waucaush,supra ruling,reference to United States v. Morrison, 529 U.S. 598, and Jones v. United States,529 U.S. 848, where in Morrison, the Court stated that Congress may not regulate,"noneconomic, violent criminal conduct based solely on that conducts aggregate effect on interstate commerce". In Jones, the Court held that arson of a private residence did not effect interstate commerce for purposes of the federal arson statutes jurisdiction element. Thus violence alone is insufficient to convict for murder in aid of racketeering. At the best against movant the case may be violence alone,which would be insufficient to convict movant for murder in aid of racketeering. Movant is "actually and legally" innocence of murder in aid of racketeering.

Under the statute which movant is charged 18 U.S.C. §§ 1959 and 2. Section 1959 reaches defendant's associated with racketeering

enterprise who may not be members but who participated in the organizations activities with the aspiration of becoming a member. Aider and abettors are liable as principals so long as the proof against them encompasses the same elements as would be required to convict the principal.

The legal standards for movant's conviction under Section 1959 and 2 should have been based on movant having some involvement in the racketeering activities of the Rolling 60s Crips,since the charge against movant was murder in aiding and abetting murder in aid of racketeering. The evidence and records of this case shows at the most movant allegedly associated with a Rolling 60s Crips member named Roosevelt Sanders. Yet,there was no evidence or testimony to what extent movant's alleged relationship with Roosevelt Sanders entailed. Also,there was no evidence or testimony of the alleged relationship between movant and Roosevelt Sanders involving criminal ventures of any type,or that at the time of the murder Roosevelt Sanders was involved in criminal activities of the Rolling 60s Crips enterprise. Roosevelt Sanders was described as a person not to be trusted. The government never established the nature of the alleged relationship between movant and Roosevelt Sanders. Therefore,no reasonable jury could conclude are infer from the evidence presented,that the alleged relationship between movant and Roosevelt Sanders was sufficient to satisfy the murder in aid of racketeering statute for federal jurisdiction. Movant is actually and legally innocence of the murder in aid of racketeering charge against him.

There was no evidence or testimony that movant knew of and/or had knowledge of the gang war between the Rolling 60s Crips and the Bogus Boys,see attached affidavit of Kamil Hakeem Johnson. There was no evidence or testimony that movant followed the orders and/or the rules of the Rolling 60s Crips enterprise. There was no evidence or testimony that movant was engaged in the activities that would hold him accountable as a non-member under 18 U.S.C. 1959 or a principal under 18 U.S.C. 2. Most importantly is the point,that there was no evidence or testimony that if movant assisted the Rolling 60s Crips enterprise in their violent acts against rival gangs,movant would have been admitted into and/or gained entry into the gang. There was no evidence or testimony by the leadership of the 60s that indicated movant received assurance that he would be taken care of by the Rolling 60s or permitted entry into their organization at the conclusion of their warfare with rival gangs,in particular to this case the Bogus Boys.

Movants conviction under 18 U.S.C. §§ 1959 and 2 constitutes a "fundamental defect" resulting in a "complete miscarriage of justice", and thus movant's conviction for 18 U.S.C. §§ 1959 and 2,under count 1,should be vacated,set aside,and/or corrected. In that movant can only be punished under a RICO murder,if,the violent acts are made for the purpose of furthering the goals of an enterprise that affects interstate commerce. In this case no evidence or testimony supports the fact that movant sought to further the goals of the Rolling 60s enterprise. Without such evidence,it is impermissible to infer that

movant acted in any way related to the enterprises affairs or was an integral aspect of movant's membership in the enterprise. The government's "entry as motive" theory,leaves no principled basis for distinqushing between violence that is within the ambit of VICAR and violence that is not within its reach. This conviction against movant lacks the nexus for federal jurisdiction. Movant, therefore is, "actually and legally" innocent of the murder in aid of racketeering, and therefore,the conviction must be vacated,set aside and corrected.

Any failure to raise this claim previously was due to ineffective assistance of counsel,as established in Strickland v. Washington,466 US 668. Movant's trial and appeal counsel rendered constitutionally ineffective representation,in failing to assert that movant was "actually and legally" innocence of the murder in aid of racketeering.

## ISSUE TWO

**Movant's conviction was obtained in violation of the Sixth Amendment "Confrontation Clause" in that movant was not afforded the opportunity to confront the witness against him "Roosevelt Sanders".**

The Sixth Amendment Confrontation Clause provides that,"[i]n all criminal prosecutions,the accused shall enjoy the right...to be confronted with the witnesses against him". The right to confront one's accusers is a concept that dates back to Roman times.

Movant states here for the record,any failure to present this issue previously is due to trial and appeals counsel's constitutionally ineffective representation under the standards established in Strickland v. Washington,466 U.S. 668,which has resulted in actual prejudice to movant. Trial and appeals counsel's ineffective assistance constitutes "good cause" to overcome any procedural default movant may have incurred.

In the instant case against movant,the government's theory of the case as that movant committed the crime of aiding and abetting murder in aid of racketeering for the purpose of gaining entry into the Rolling 60s Crips enterprise,which engaged in racketeering activity of distribution of cocaine and crack cocaine. The district court's instruction to the jury was that,"the defendants...for the purpose of gaining entrance into and maintaining and increasing their positions in the gang,which was an entrprise engaged in racketeering activity,unlawfully,willfully,and knowingly murdered and aided and abetted each other in the murder of Davisha Brantley Gillum....

The government's position to support the motive requirement under murder in aid of racketeering,was a alleged relationship between movant and a Rolling 60s Crips gang member named Roosevelt Sanders.

Viewing the government's position in the light most favorable to the government,no reasonable jury could find movant had the required motive intent,of gaining entrance into the Rolling 60s Crips enterprise. Roosevelt Sanders did not testify at trial in the instant case against movant,therefore,the actual relationship between movant and Roosevelt Sanders,if there was one,"was never established by the prosecution". None of the evidence or testimony regarding a relationship between movant and Roosevelt Sanders,went to the nature of their alleged relationship. Because there was no evidence or testimony that movant and Roosevelt Sanders ever engaged in any criminal activity and/or any activities that the government contended that the Rolling 60s Crips enterprise was involved in.

With Roosevelt Sanders as the government's alleged link to movant Crenshaw,and the Rolling 60s Crips enterprise,Mr. Crenshaw had a constitutional right to confront his accuser namely Roosevelt Sanders on this case. The government attempted to show a connection of movant and Roosevelt Sanders,solely through evidence of movant's prior incarceration status. And also only by movant's prior incarceration,the government sought to establish an allegedly overlapping relationship between movant and Roosevelt Sanders,which the government contends that was formed while they were incarcerated in the Minnesota Department of Corrections. For the sake of argument here in this instant motion,if movant and Roosevelt Sanders were,in fact,incarcerated together,that in itself,could not be sufficient to establish that movant and Roosevelt Sanders actually had a criminal relationship. The law says that"noncriminal association with a enterprise member is insufficient to make one an "associate" of a racketeering enterprise,such as the Rolling 60s Crips on the present case.

In this case the crime was murder in aid of racketeering,and the government had to prove a relationship of movant and the racketeering enterprise. There was no evidence or testimony about the nature of the alleged relationship between movant and Roosevelt Sanders in prison, or when they were released from prison. There was no evidence or testimony that Roosevelt Sanders had promised movant entrance into the Rolling 60s enterprise,if movant assisted the Rolling 60s Crips in their gang wars against rivals,for this case the Bogus Boys.

Movant should have been afforded the opportunity under the Sixth Amendment to the Confrontation Clause to confront Roosevelt Sanders,the accuser against him. In this case the only alleged link between movant and the Rolling 60s Crips enterprise. Without being afforded the opportunity to confront Roosevelt Sanders,any admission of a relationship between movant and Roosevelt Sanders was a grave error. Violation of the Confrontation Clause as in this case constitutes a manifest miscarriage of justice,in that the alleged relationship in this case represented the government's link between movant and the Rolling 60s Crips enterprise and the alleged relationship between movant and Roosevelt Sanders had a substantial and injurious effect on the influence in the determination of the jury's verdict. Since the relationship between the movant and Roosevelt Sanders was the government's only way of establishing any alleged involvement between movant and the Rolling 60s Crips enterprise,this relationship was important to the government's case. Because it is how the government attempted to establish federal murder in aid of racketeering jurisdiction. There was no corroboration of evidence or testimony or any other proof about a criminal association between movant and Roosevelt Sanders. The Confrontation Clause bars a conviction when a defendant lacks the opportunity to confront the witness against him.

It was important that movant be granted the opportunity to confront the only person against him that gave federal jurisdiction necessary to convict movant on murder in aid of racketeering. In this case

the government should have presented Roosevelt Sanders as a witness. That would have afforded movant the right under the Sixth Amendment Confrontation Clause,to confront the witness against him. The government's establishing movant with the Rolling 60s enterprise, would have been difficult without Roosevelt Sanders alleged relationship with movant. In this case,it was a violation of the Sixth Amendment Confrontation Clause,to establish a relationship between movant and Roosevelt Sanders without movant being able to confront Roosevelt Sanders.

The central concern of the Confrontation Clause is to ensure the reliabilty of the evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary proceed before the trier of fact. Confrontation one of the greatest legal engines ever invented for the discovery of truth. [T]he right to confrontation is a functional one for the purpose of promoting reliability in a criminal trial.

Movant's trial cannot be said to be reliable,when movant was denied the important right to confront the witness against him Roosevelt Sanders. For that reason,movant's conviction should be vacated,set aside or corrected.

## ISSUE THREE

**Movant's conviction was obtained in violation of the Sixth Amendment "Right To Counsel" in that trial and appeal counsel was ineffective for failing to; 1) put the government's case to the test 2) move for confrontation, and 3) call witnesses in movant's defense.**

The Sixth Amendment right to counsel exists,and is needed, in order to protect the fundamental right to a fair trial. The Constitution guarantees a fair trial through the Due Process Clauses, but it defines the basic elements of a fair trial largely through the several provisions of the Sixth Amendment,including the Counsel Clause:

> "In all criminal prosecutions the accused shall enjoy the...Assistance of counsel for his defense".

Movant in this highly publicized case was represented at trial and on appeal,by attorney Seamus Robert Mahoney of St. Paul,Minnesota. With the high profile of the case and the charges against movant it was extermely important that movant have assistance of counsel for his defense. Counsel who plays the crucial role in the adversarial system...for counsel's skill and knowledge was necessary to accord movant the "ample opportunity to meet the case of the prosecution". Issues ONE and TWO of this instant motion shows the very important reason behind movant needing constitutional guaranteed counsel in this case. Constitutional guaranteed counsel should have been able to show to the jury that movant was and is "actually and legally" innocence of the aiding and abetting murder in aid of racketeering, and moved that movant's right to Confrontation had been violated when movant was unable to confront his accuser Roosevelt Sanders. No counsel functioning under the guarantees of The Constitutional provisions of the Sixth Amendment, and the spirit of the law established by the Supreme Court in Strickland, would have left so many unturned

essential stones as did movant's trial and appeal counsel,attorney Seamus Robert Mahoney.

The records of the case will reflect,that even the district judge in this matter,had his concerns about attorney Mahoney. The district judge went as far as calling movant's trial counsel on May 21,2002 at 10:31 am. In this recorded conversation the district court judge informed attorney Mahoney that if he needed help in representing movant in this case let him (the Judge) know. From the start it was on the district court judges mind that movant's trial counsel lacked skills at the federal level, and that it was strange to the district court judge that no motions of substance had been filed on behalf of movant NONE, and this was a highly publicized case and a serious case that had death penalty implications.

Counsel functioning as counsel guaranteed by the Sixth Amendment, should have known that the evidence and testimony against movant established that movant was "actually and legally" innocence of murder in aid of racketeering,in that the government had failed to make the necessary nexus connecting movant to the Rolling 60s Crips enterprise,either as a member,associate or someone seeking to gain entrance and/or been promised admission into the enterprise or gang. Viewing the case against movant in a light most favorable to the government,counsel performing by the standards established by Strickland v. Washington, should have been able to show the jury, that there is and was no way they could conclude or infer that movant committed the crime of murder in aid of racketeering. Counsel's

failure to perform as counsel guaranteed by the Sixth Amendment, was below professional standards and was prejudicial against movant, rendering movant's proceeding unreliable. Counsel's errors was so serious movant's trial and appeal were unfair proceedings against movant. When counsel missed that the government had failed to make the economic and motive connections during the trial stages of the case against movant,he still had the appeal process to present the issues before the court. Thus,attorney Mahoney rendered ineffective assistance of counsel also at the appeal level.

Counsel should have known that it was a violation of movant's Sixth Amendment Confrontation Right,when movant was denied the opportunity to confront the witness against him Roosevelt Sanders. Roosevelt Sanders was the witness that the government used to establish movant with the Rolling 60s Crips enterprise. Yet, Roosevelt Sanders did not testify on behalf of the government. Thus,the truth of the alleged relationship between movant anf Roosevelt Sanders was never established if there was a relationship there.

When the government failed to call Roosevelt Sanders as a witness, counsel for movant should have called Roosevelt Sanders as a witness for the defense. Roosevelt Sanders,would have testified that he and movant had no relationship that would have allowed a jury to conclude or infer that movant had a economic tie to the Rolling 60s Crips enterprise and/or that through Roosevelt Sanders movant sought entry into the Rolling 60s Crips are had been promised by Roosevelt Sanders entry into the Rolling 60s Crips by movant's assistance in Rolling 60s Crips gang warfare.

Trial counsel was not functioning as the counsel guaranteed by the Sixth Amendment,providing reasonable effective assistance,and counsel's errors were so serious it deprived movant of a fair trial. Movant asserts but for counsel's unprofessional errors,the results would have been different at trial and on movant's direct appeal before the Eighth Circuit Court of Appeals.

As previously stated by movant in issues one and two of the instant 2255 motion, counsel's failure to present issues one and two previously, stems from his ineffective representation of movant,and constitutes "good cause" to allow movant to overcome any procedural defaults movant may have incurred.

## CONCLUSION

For the reasons stated in this 2255 motion,movant's conviction involves a "fundamental defect" causing a complete miscarriage of justice. This Honorable Court must not adopt the theory of the government,that movant belongs to a band of "bad men" and as such "bad men" must lose at all cost. Movant is "actually and legally" innocent of murder in aid of racketeering;movant was denied the right to confront the witness against him Roosevelt Sanders; and movant's trial counsel rendered ineffective assistance at the trial and appeals level. For this movant's conviction must be vacated,set aside or corrected.

We cannot help but recall the thoughts ascribed to Sir Thomas More by Robert Bolt,which the Supreme Court once understood,for they

are especial applicability here:

> The law,Roper,the law. I know what's legal,not what's right. And I'll stick to what's legal...I'm not God. The currents and eddies of right and wrong,which you find such plain-sailing,I can't navigate,I'm no voyager. But in the thickets of the law,oh there I'm a forester.... What would you do? Cut a great road through the law to get after the Devil?...And when the last law was down,and the Devil turned round on you--where would you hide,Roper, the laws all being flat?...This country's planted thick with laws from coast to coast-Man's laws,not God's--and if you cut them down...d'you really think you could stand upright in the winds that would blow then?...Yes,I'd give the Devil benefit of law,for my own safety's sake.

With all due respect,the only way this 2255 will not be granted is this Honorable Court cut down the laws which protect all Americans. It is the duty of this Honorable Court to adhere to the principles of the law,and grant movant's 2255 motion on the merits.

Respectfully submitted,

Keith Crenshaw

Keith Bernard Crenshaw,pro se
Reg. No. 09865-041
P.O. Box 1000
United States Penitentiary
Leavenworth, Kansas 66048

| | | |
|---|---|---|
| Keith Bernard Crenshaw, Movant, | * | |
| | * | |
| | * | |
| v. | * | 28 U.S.C. § 2255 |
| | * | |
| United States of America, | * | Case Number 02 CR 00013 JMR/ESS |
| Respondent. | * | |

Additional Attched Pages

**Prior** to movant mailing the instant petition under 28 U.S.C. § 2255 and the first twenty-one (21) attached pages, movant has come into possession of evidence to support his claims of actual innocence, and will give rise to two (2) additional issues on this 2255 motion, which are as follows:

**ISSUE FOUR**

**The government committed fraud on the court and jury,by knowing presenting false evidence to the court and jury to obtain movant's conviction.**

"[A] conviction obtained through use of false evidence,known to be such by representatives of the government,must fall". Napue v. Illinois,360 U.S. 264,269(1959). "[Due process] is a requirement that cannot be deemed to be satisfied by mere notice and hearing if a prosecutor has contrived a conviction through the pretense of a trial which in truth is but used as a means of depriving a defendant of liberty through a deliberate deception of court and jury by the presentation of testimony known to be false". Mooney v. Holohan,294 U.S. 103,112(1935).

In this case against movant the government prosecutor used a relationship between movant and Roosevelt Sanders, to establish movants involvement with the Rolling 60s Crips Enterprise. This

relationship was alleged to have developed while movant and Roosevelt Sanders were in prison together. The government introduced and presented to the court and jury,movant's report from the status of his incarceration in the Minnesota Department of Corrections for a 1995 conviction. Under examination from the district court, the government stated:

> Mr. Paulsen: Well,if I can just put the dates in,I'm trying to show overlap between Crenshaw and Roosevelt Sanders. There's testimony-
>
> The Court: That they hooked up in jail?
>
> Mr. Paulsen: That they hooked up in jail,and they got out about the same time,and I want to show some verification of that.

As the records used by the government show,movant was in a Faribault, Minnesota prison in the year 1995. What the government falsely presented or inferred was that movant and Roosevelt Sanders were in prison together and hooked up. Movant's exhibit (A0 will show that Roosevelt Sanders was committed to the Minnesota Department of Corrections in 1995 but to the Correctional Facility in Lino Lakes. This is a total different prison than the prison presented by the government for movant. Movant was in Faribault prison. As movant stated in his previous issues in this petition, "the alleged relationship" between movant and Roosevelt Sanders. The government knew that movant and Roosevelt Sanders were not in the same prison together, so when did the alleged relationship that developed in prison occur?, if it occurred at all. The relevant dates for the purpose of the motive theory in this case,had to occur before July 20,1996. Without the relationship between movant and Roosevelt

Sanders,the government had no murder in aid of racketeering charge against movant. As movant stated in claims one and two there was no true establishment of a relationship between movant and Roosevelt Sanders, that was significant enough to establish the government's theory of motive, which was movant seeking to gain entry into the Rolling 60s Crips Enterprise. Now movant asserts that the government falsely presented that movant and Roosevelt Sanders were in prison together, when the government knew they were not and the files and records of their respective prison time and place of confinement will support movant.

" The Supreme Court long has held that deliberate deception of a court and jurors by the presentation of known false evidence is incompatible with rudimentary demands of justice.... As a result, due process is violated when the prosecutor uses false testimony, knowingly or unknowingly. The falsehood is deemed to be material and thus, to warrant a new trial if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury". In this case,not only did the false evidence,affect the jury in convicting movant, it also affected the Eighth Circuit Court of Appeals in affirming movant's conviction. Where the Appeals Court stated, "We recognize that Crenshaw's incarceration in 1995 is marginally relevant to his motive for committing the alleged acts in this case; indeed,it would be difficult for the government to establish Crenshaw's involvement in the Rolling 60s gang without evidence of the relationship that Crenshaw and Sanders developed

while in prison". Cited at 359 F.3d 999(8th Cir. 2004).

The evidence of the relationship of Crenshaw and Sanders was knowingly false. And for that reason movant's conviction must be vacated,set aside or corrected.

## ISSUE FIVE

**Movant's conviction was obtained in violation of the Sixth Amendment "Right to Counsel" in that trial and appeal counsel was ineffective for failing to: investigate and put the government's case to the test.**

The Sixth Amendment right to counsel exists, and is needed, in order to protect the fundamental right to a fair trial. The Constitution guarantees a fair trial through the Due Process Clauses,but it defines the basic elements of a fair trial largely through the several provisions of the Sixth Amendment, including the Counsel Clause:

> " In all criminal prosecutions the accused shall enjoy...Assistance of counsel for his defense".

It was extermely important to movant in this case to have assistance of counsel for his defense, in this highly publicized case. Counsel was needed for movant who played the crucial role in the adversarial system...for counsel's skill and knowledge was necessary to accord movant the "ample opportunity to meet the case of the prosecution. In this case against movant, murder in aid of racketeering. The government presented the theory that movant's motive in committing the charged offense, was to gain entry into the Rolling 60s Crips Enterprise. To support this theory the government sought to establish a relationship between movant and Roosevelt Sanders that developed while the two were in prison together. Which the government knew was not the truth. It was this relationship that affected the jury and the court of appeals, in the verdict of guilt and affirming the

conviction. See 359 F3d 977(8th Cir 2004).

Trial counsel and appeals counsel functioning under the guarantees of the Constitutional provisions of the Sixth Amendment, had a duty and obligation to movant to investigate and put the government's case to the test. In this case trial counsel and appeals counsel performed below the professional standards of effective assistance of counsel guaranteed by the Sixth Amendment and the principles established in Strickland v. Washington. Trial counsel knew or should have known that the nature of the relationship between movant and Roosevelt Sanders was important to the defense of counsel, and as such owed movant the duty and obligation to investigate the files and records of the prison time and place of confinement of movant and Roosevelt Sanders. This investigate would have exposed the falsehood of the government's relationship theory and put the murder in aid of racketeering charge to the test.

Had trial counsel investigated the status of Rossevelt Sanders incarceration with that of movant he would have discovered that they were confined in two different prisons. That movant was in Faribault as stated by the government at trial and that Roosevelt Sanders was in Correctional Facility Lino Lakes. In the kind of case against movant, it was a must to investigate the facts surrounding the charges. This would have enabled movant to put the case to the test,before the jury, even to the court of appeals. Counsel allowed the government to deliberately deceive the court and jury with knowingly false evidence.

Claims of ineffective assistance of counsel are governed by the two-part test set forth in Strickland v. Washington,466 U.S. 668,687(1984). Under Strickland, a defendant claiming ineffective assistance of counsel must show that his attorney's performance was deficient and that the deficient performance prejudiced his defense. see id; Bounds v. Delo,151 F.3d 1116, 1119(8th Cir 2000).

Under the deficient performance inquiry of Strickland,it must be considered whether counsel's performance was reasonable "under prevailing professional norms" and considering all the circumstances" Fields v. United States,201 F.3d 1025,1027(8th Cir 2000)(quoting Strickland).

Professional norms under the circumstances of this case,aiding and abetting murder in aid of racketeering. Counsel would investigate the circumstances of the case, in the interest of his client, to put the government's case to the test. Here to charge movant, the government put movant in a relationship from prison with a member of the Rolling 60s Crips, Roosevelt Sanders. Under the circumstances, all counsel had to do was investigate the prison records of movant and Roosevelt Sanders to check the dates. Counsel's failure to advocate the cause of movant was below professional standards of counsel guaranteed by the Sixth Amendment. And counsel's actions and errors was a prejudice to the defense of movant. In this case,but for counsel's unprofessional errors,

the results would have been different. Counsel's errors seriously deprived movant of a fair trial. And for these reasons movant's conviction must be vacated,set aside or corrected.

Respectfully submitted,

Dated: Feb. 23,2005

Keith Crenshaw
Keith Bernard Crenshaw

Keith Bernard Crenshaw

v.

United States of America

28 U.S.C. § 2255
Case No. 02 CR 00013 JMR/ESS

(Movant's Exhibit A)

**info@piranhainvestigations**

**From:** [redacted]
**To:** [redacted]
**Sent:** Thursday, January 27, 2005 4:55 PM
**Subject:** The information you requested.

Here's the information you requested on Roosevelt Sanders:

Committed to MN Dept of Corrections-in custody MN Correctional Facility-Lino Lakes 8/7/95
Placed on supervised release(parole) 6/17/96
In custody Hennepin County jail(parole violation) 9/15/96
Returned to MCF-Lino Lakes 10/11/96
Placed on supervised release 6/16/97
In custody Ramsey County Jail(violation) 7/23/97
Released from custody-placed on supv release 8/6/97
Discharged from sentence 9/14/97

...Persistent, Aggressive and Thorough Investigations... Until There's Nothing Left to Uncover.
PIRANHA INVESTIGATIONS 800-980-3424

**Richard J. Downing**
*Chief Investigator*

**Piranha Investigations**
P.O. Box 3424
San Leandro, CA 94578
California PI #23690

downing@piranhainvestigations.com
tel: (800) 980-3424
fax: (800) 980-3424

*Add me to your address book...* *Want a signature like this?*

----- Original Message -----
**From:** [redacted]
**To:** [redacted]
**Sent:** Thursday, January 27, 2005 4:44 PM
**Subject:** Re: payment

it is completed now. thank you