RECEIVED
BY MAIL
MAY 26 2005
CLERK US DIST COURT
MINNEAPOLIS MN

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Keith Bernard Crenshaw, | * | |
| | * | |
| Movant, | * | Criminal No. 02-13(1) JMR/ESS |
| | * | |
| v. | * | Civil No. 05-482 JMR |
| | * | |
| United States of America, | * | Movant's Reply to Government's |
| | * | Response |
| Respondent. | * | |

**MOVANT'S REPLY TO GOVERNMENT'S RESPONSE TO § 2255 MOTION TO VACATE,SET ASIDE OR CORRECT SENTENCE**

**Comes Now,** Movant Keith Bernard Crenshaw,pro se and respectfully submits this "Reply" to the government's response to movant's 2255 motion, and states as follows:

1. On March 4,2005 movant's 2255 was filed with this Honorable Court.

2. Respondent was Ordered to show cause by May 9,2005 to movant's 2255.

3. On May 12,2005 movant received the respondent's response at the federal penitentiary, Leavenworth,Kansas.

4. Movant now submits this "Response to the Government's Response", to wit:

5. Movant denies all responses in the respondent's response as being off point to the issues presented in movant's 2255.

6. Movant by reference incorporates the issues presented in his original 2255 along with the issues of this reply.

SCANNED
MAY 26 2005
U.S. DISTRICT COURT MPLS

7. Movant states that, again he request this court for appointment of counsel,considering the complexity of the legal issues presented to this court with this 2255 motion, that movant is untrained and inexperienced in the field of law,that appointment of counsel is in the best interest of justice and the attainment of due process.

8. Movant states that, again he request this court hold a evidentiary hearing, for the taking of evidence for the disputed facts of this 2255 motion.

9. The Respondent's response stated that, this movant raised sufficiency of the evidence on direct appeal. The challenge on direct appeal related to eyewitness identification. In the 2255 motion, movant's issue one, is that he is "Actually and Legally" innocent of the charge of Murder in Aid of Rackerteering. The respondent is seeking to cloud the two before this court. Movant is not attempting to relitigate the same issue. The issues before this court in this 2255, is that Murder in Aid of Racketeering regulates enterprises,not people. Movant is basing this issue one of the 2255 motion, on the fact violence alone cannot satisfy the statutes interstate commerce jurisdictional elements. See Waucaush v. United States,380 F3d 251 (6th Cir 2004). There that movant pursuant to 28 U.S.C. § 2255,asserted that he was actually innocent of the RICO charge, and the Sixth Circuit ruled that "violence qua violence" is not economic activity that can establish RICO jurisdiction. The record will reflect that on direct appeal,the Eighth Circuit in issuing it's ruling,excluded

this movant from the challenge of the constitutional issue of jurisdiction, 359 F3d 977 at 983. The issue there and here, are different. Movant's two co-defendant's challenged the jurisdiction of 18 U.S.C. § 1959 as it related to Congress power to regulate 18 U.S.C. § 1959. The movant in Waucaush,supra relied on the United States Supreme Court decisions in United States v. Morrison,529 U.S. 598 and Jones v. United States,529 U.S. 848, where the Court ruled that Congress may not regulate, "non economic,violent criminal conduct based solely on that conducts aggregate effect on interstate commerce", along with, "arson of a private residence did not effect interstate commerce for purposes of the federal arson statutes jurisdiction element. Violence alone is insufficient to convict for murder in aid of racketeering. In this case this movant is "actually and legally" innocent of the murder in aid of racketeering charge. Absent any evidence that this movant was engaged in economic activity,directly or indirectly,the murder in aid of racketeering charge must be vacated, set aside or corrected in this case. The evidence in this case, supports the position of this movant. The instructions given to the jury in this case,by the district court states that, Murder was not the charge in this case,though murder was involved the charge is "Murder as part of a Racketeering activity". Even if movant had membership in two (2) other gangs, 187 gang and the ABK gang, as stated in the respondent's response. The government was still required to show a economic connection,either with this movant or his gang this was not the case at trial or in respondent's response. See U.S.

Bruno,383 F3d 65(2nd Cir 2004). Where the Second Circuit,ruled that the defendant's may have committed the murders,but not for economic reasons,or to maintain or increase their position and/or gain entry into the crime family.

Respondent's response misses the point,on issue one of the 2255. Movant must be granted issue one of the 2255, in that he is "actually and legally" innocent of the Murder in Aid of Racketeering,are in the alternative conduct a evidentiary hearing allowing movant to present his evidence on the actual and legal innocent claim.

10. Issue One of the 2255 is not a relitigation of any claims previously presented by this movant. Any failure to raise the issue previously overcomes procedural defaults, with the constitutional ineffective assistance of counsel, coupled with movant's present claim of actual and legal innocence.

11. Movant agree with the Respondent that Roosevelt Sanders did not testify for the government. Yet,in support of the respondent's position,that this movant sought entry into the Rolling 60's Crips Enterprise,they paraded the name Roosevelt Sanders in front of the jury, as a important figure to this case. The most important person against this movant in this case. A person is considered to be a witness "against" a defendant for purposes of the Confrontation Clause, if that person or his statements "is part of the body of evidence that the jury may consider in assessing his guilt". Thus, Roosevelt Sanders was relevant to the case against this movant,not just as a member of the Rolling 60's Crips or his alleged incarceration

with this movant,but for jurisdiction of the court, and the jury considered this person in assessing movant's guilt, are either Roosevelt Sanders was irrelevent to the case against movant, and this court should have excluded any reference to Roosevelt Sanders from the jury. At 359 F3d 999, the Eighth Circuit stated in it's decision on movant's direct appeal,..."it would be difficult for the government to establish Crenshaw's involvement in the Rolling 60's gang without evidence of the relationship that Crenshaw and Sanders developed while in prison". There was no evidence that movant and Sanders was in prison together or that they developed a relationship in prison. Why would the government in this case not call Roosevelt Sanders as a witness to establish this fact? It was unconstitutional to present a person to the jury,that this movant could not confront or examine on the record or before the jury.

Movant make no vein attempt on his ineffective assistance of counsel claim,as stated by the respondent's in their response. It's clear that movant's trial counsel did not call Roosevelt Sanders as a witness nor interview Roosevelt Sanders. Movant's claim is adequately represented,by trial counsel's failure to submit a response to the letter that the respondent sent on April 14,2005 requesting a response to movant's 2255 claims.

There is no record in opposition of movant's claims alleged in his 2255,that his trial counsel was ineffective,for failure to call and investigate Roosevelt Sanders. This court must either grant movant's ineffective assistance claim or conduct a evidentiary hearing.

In Chambers v. Armontrout,907 F2d 825,the Eighth Circuit,citing Strickland v. Washington,466 U.S. 668 stated that, "the decision to interview a potential witness is not a decision related to trial strategy. Rather, it is a decision related to adequate preparation for trial. The question here in this 2255 motion is whether movant's trial counsel's decision not to call and interview Roosevelt Sanders was reasonable from counsel's perspective at the time of movant's trial. Roosevelt Sanders,was key to the defense of this movant. The government's motive for the crime and jurisdiction of the charge was based on movant's alleged relationship with Roosevelt Sanders. Trial counsel's decision not to call Roosevelt Sanders thus is only as reasonable as his decision not to interview Roosevelt Sanders. That decision amounts to ineffective assistance of counsel. See Chambers at 907 F2d 831. There is no appearance on the face of the record to show why trial counsel fail to call Roosevelt Sanders,thus movant is entitled to an evidentiary hearing on this issue. It's clear from the respondent's response that the government,only sought for the jury to infer that movant had a relationship with Roosevelt Sanders. The Respondent's concede in their response,there was no direct evidence of movant and Roosevelt Sanders forming a relationship while incarcerated. By failing to call Roosevelt Sanders,trial counsel neglected the law of the case. The law of the case here, was Murder in Aid of Racketeering,not Murder.

Under Strickland,supra,did the ineffective assistance of counsel

result in prejudice to this movant. In this case, the prejudice is plain. This was a highly publicizied case, not only was murder involved, but murder involving a racketeering enterprise,which was essential to the jurisdiction of this court and the motive of this movant committing this charge. Under the circumstances,in this instance, movant's trial counsel's deficient conduct so prejudiced movant as to undermine confidence in the outcome of the trial or sentencing. See Chambers,supra, citing Byrd v. Armontrout, 880 F2d 1,4(8th Cir 1989). What the record in this case will support is that on May 21,2002 at 10:31 am the district court judge in this case called movant's trial counsel,regarding his preparation and handling of this movant's case. Which speaks to the ineffective nature of trial counsel's assistance. See transcript of May 21,2002. Thus any procedural default that may have occurred in not presenting this issue on appeal was and is due to trial counsel's constitutionally ineffective representation under the standards established in Strickland,supra, which has resulted in actual prejudice to movant. Movant's trial counsel became counsel on appeal. Trial counsel's ineffective assistance of counsel constitutes "good cause" to overcome any procedural default movant may have incurred. A evidentiary hearing is warranted in this case.

11. Respondent's in their response, again attempts to establish the incarcerated relationship of movant and Roosevelt Sanders,with a unsworn,unsigned Status History Report,there is no way of knowing if this is a official document. What is called into question in

the document is that, allegedly on 08/08/1995, it took Roosevelt Sanders one (1) hour to transfer from MCF-LL to MCF-STW 08/08/1995 23;00:00-23:59:59. Yet on 12/06/1995 it took nine-tenths of a second to transfer from MCF-STW to MCF-FRB 12/06/1995 16:06:02-16:06:11, is that type of transfer possible. There is no doubt,that evidence needs to be taken to explain how this transfer occurred,from one location to another location within nine-tenths of a second.

This would have to support movant's claim,that the government presented false evidence on the incarceration status of movant and Roosevelt Sanders. Movant presented a one page investigation report that, showed Roosevelt Sanders committed to Minnesota Department of Corrections, in custody at Lino Lakes, then released on supervised release (parole). With a dispute of this importance, it shows why it was important for movant's trial counsel, to investigate the incarceration status of movant and Roosevelt Sanders.

The documents submitted in this 2255 proceeding shows,that it was prejudicial to this movant for trial counsel failing to investigate the incarceration status of movant and Roosevelt Sanders. Chambers, supra. Under the standards established by Strickland,supra, counsel was ineffective under the totality of the circumstances. The incarceration status of movant and Roosevelt Sanders was essential for the movant's defense. MCF Faribault has two (2) sides to the facility. There is no direct proof, that even if Roosevelt Sanders was at MCF Faribault, he and movant were on the same side of the facility. Movant denies being in Faribult with Roosevelt Sanders.

in violation of the constitution of the United States, warranting either the granting of this 2255 or granting a evidentiary hearing.

Respectfully submitted,

Keith Crenshaw

Keith Bernard Crenshaw

Dated: May 20,2005