**IN THE**
**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITEDS STATES OF AMERICA,
Plaintiff,

02-CR-13 (JMR/ESS)

- V -

05-CV-482 (JMR/JSM)

KEITH BERNARD CRENSHAW,
Defendant.

---

**DEFENDANT'S MOTION FOR *NON PRO TUNC* CONSIDERATION OF ORDER DATED AUGUST 2, 2005 PURSUANT TO FED. R. CIV. P. 59(e)**

---

**NOW COMES,** the undersigned Defendant KEITH BERNARD CRENSHAW, ("defendant"), in pro se, and need/want of counsel, and respectfully moves this Honorable Court, pursuant to Fed. R. Civ. P. 59(e), to reconsider its Order of August 2, 2005, denying defendant's Section 2255 Motion to Vacate, *non pro tunc*. In support thereof, defendant states as follows:

1.) On March 4, 2005, defendant's 2255 Motion was filed with this Court.

2.) This Court thereafter Ordered the government to show cause by May 9, 2005, why the petition should not be Granted.

3.) On may 9, 2005, the government filed its response, which was received by defendant on may 12, 2005.

4.) On May 20, 2005, defendant filed his reply to the government's response

SCANNED
SEP 0 9 2005
U.S. DISTRICT COURT MPLS

to Section 2255 Motion.

5.) Therein defendant's reply, defendant argued *inter alia,* that trial counsel failed to investigate, interview, and call an exculpatory witness, i.e., ROOSEVELT SANDERS, whose testimony was critical to proving defendant's innocense to the charge of aiding and abetting murder in aid of racketeering, in violation of Title 18, U.S.C., Sections 2 and 1959.

6.) On August 3, 2005, this Court entered an Order Denying defendant's 2255 Motion.

7.) On or about the first week of August 2005, defendant was transfered from the U.S. Penitentiary Leavenworth, Kansas to the U.S. Penitentiary Terre Haute, Indiana and the Court's Order of August 3, 2005, that was mailed to Leavenworth, Kansas was not received by defendant at U.S. Penitentiary Terre Haute until August 24, 2005. (See, attached Exhibits 'A' and 'B').

8.) Pursuant to Fed. R. Civ. P. 59(e), defendant has 10-days after entry of judgement to move this Court to alter or amend said judgement.

9.) Based on the fact that defendant did not actually receive this Court's August 2, 2005, Order denying his Section 2255 Motion until August 24, 2005, (see affidavit in support attached hereto), 10-days from August 24, 2005, not including intervening Saturdays and Sundays, and not counting the day the period began, defendant's Motion under Rule 59(e), is due September 8, 2005, therefore, defendant requests, for good cause shown, that this Court accept the foregoing Rule 59(e) Motion *non pro tunc*. [It should be noted that as of the date of filing the foregoing--judgement has not been entered.]

10.) Fed. R. Civ. P. 59(e), is available in this case for either rehearing or re-

consideration of defendant's Section 2255 Motion (Docket # 202). See, Simmons v. Reliance Stand Life Ins. Co. of Tex., 310 F.3d 865, 868, n.1 (5th Cir. 2002)(Fed. R. Civ. P. 59(e)).

11.) There are three-(3) grounds for rehearing or reconsideration under Rule 59(e): (1) To accomodate an intervening change in controlling law; (2) to account for new evidence not available at trial; and (3) to correct a clear error of law or prevent manifest injustice. United States v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th cir. 2002); Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996). Defendant in the case at bar invokes provisions two-(2) and three-(3) above as grounds to grant the foregoing Motion.

12.) NEW EVIDENCE DISCOVERED: A party may file a Motion for Rehearing or Reconsideration on the basis of evidence which was newly discovered, or was timely submitted. Lavespere, 910 F.2d at 174. In deciding whether to consider late filed evidence, the District Court must strike a balance between two competing interest: the need to bring litigation to an end and the need to render just decisions on all the fact. Id. The District Court should consider the following:

a.) The reason for movant's delay in submitting the evidence. Hale v. Townley, 45 F.3d 914, 921 (5th Cir. 1995). "A party must explain why evidence that could and should have been presented was." Garner v. Arvin Indus. Inc., 77 F.3d 255, 258 (8th Cir. 1996); Retired Chicago Police Ass'n v. City of Chicago, 76 F.3d 856, 857 (7th Cir. 1996)(Same).

Here in the case at bar, due to defendant's *pro se* status and lack of legal knowledge he was unable to provide this Court with the supporting

case law set forth in 'Defendant's Motion to Amend *Interlinearly* to Show Supporting Case Law', filed concomitantly herewith, until this juncture, and the circuit precedent now provided clearly supports defendant's argument that he was provided ineffective assistance of counsel which prejudiced him and was in violation of the Sixth Amendment to the United States Constitution.

b.) The importance of the evidence to the movant's case. Hale, 45 F.3d at 921. Here, it is clear the supporting case law changes the merits of the case.

c.) Whether the evidence was available to the movant. Id.

Here, due to defendant's *pro se* status, even though these case law provided existed at the time defendant's reply brief was filed, the court should be mindful of its obligation to liberally construe *pro se* pleadings under Haines v. Kerner, 404 U.S. 519 (1972) and the provisions mandated by Forman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962). re: Amended Pleadings.

d.) The likelihood that the government will suffer unfair prejudice if this case is reopened. Hale, 45 F.3d at 921.

Here, the government can present no reason that it will suffer unfair prejudcie if this Court rehears or reconsiders defendant's 2255 Motion reading the supporting case law into it.

13.) **REQUEST FOR REHEARING**

Defendant respectfully requests a hearing on the foregoing pleading because

argument on application of the legal principles are necessary.

**WHEREFORE**, all premises considered, defendant prays this Court will Grant the foregong Motion.

8-4-05
Dated:

Respectfully submitted:

Keith Crenshaw
Keith B. Crenshaw, Pro se