**IN THE**
**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

FILED U.S. DIST. COURT MINNEAPOLIS, MN 2005 SEP -9 AM 11:04 RECEIVED BY U.S. Mail

UNITEDS STATES OF AMERICA,
Plaintiff,

02-CR-13 (JMR/ESS)

- V -

05-CV-482 (JMR/JSM)

KEITH BERNARD CRENSHAW,
Defendant.

---

**DEFENDANT'S MOTION TO AMEND INTERLINEARLY TO SHOW SUPPORTING CASE LAW**

---

**NOW COMES,** the undersigned Defendant KEITH BERNARD CRENSHAW, ("defendant"), in pro se, and need/want of counsel, and respectfully moves this Honorable Court for an Order permitting defendant to *interlinearly* amend his reply to government's response to Section 2255 Motion to Vacate, Set Aside, or Correct sentence (Docket No. 202), upon consideration and granting of defendant's Fed. R. Civ. P. 59(e) Motion filed concomitantly herewith. In support thereof, defenant states:

1.) On March 4, 2005, defendant's 2255 Motion was filed with this Court.

2.) This Court thereafter Ordered the government to show cause by May 9, 2005, why the petition should not be Granted.

3.) On may 9, 2005, the government filed its response, which was received

SCANNED
SEP 12 2005
U.S. DISTRICT COURT MPLS

by defendant on may 12, 2005.

4.) On May 20, 2005, defendant filed his reply to the government's response to Section 2255 Motion.

5.) Therein defendant's reply, defendant argued *inter alia,* that trial counsel failed to investigate, interview, and call an exculpatory witness, i.e., ROOSEVELT SANDERS, whose testimony was critical to proving defendant's innocense to the charge of aiding and abetting murder in aid of racketeering, in violation of Title 18, U.S.C., Sections 2 and 1959.

6.) On August 3, 2005, this Court entered an Order Denying defendant's 2255 Motion.

7.) On or about the first week of August 2005, defendant was transfered from the U.S. Penitentiary Leavenworth, Kansas to the U.S. Penitentiary Terre Haute, Indiana and the Court's Order of August 3, 2005, that was mailed to Leavenworth, Kansas was not received by defendant at U.S. Penitentiary Terre Haute until August 24, 2005. (See, attached Exhibits 'A' and 'B').

8.) Pursuant to Fed. R. Civ. P. 59(e), defendant has 10-days after entry of judgement to move this Court to alter or amend said judgement.

9.) Defendant shall move this Court under separate motion to reconsider its Order of August 1, 2005, *non pro tunc* based on defendant just receiving said Order on August 24, 2005.

10) Defendant now moves this Honorable Court to Grant him leave to Amend his relpy filed on or about May 20, 2005, *interlinearly,* upon the granting of the Rule 59(e) filed concomitantly herewith.

11.) Specifically, defendant moves to amend the reply by *interlinearly,* at

paragraph 12, page 8, of defendant's reply to government's response to Section 2255 Motion to Vacate, Set Aside, or Correct sentence, immediately following the words with a dispute of this importance, it shows why it was important for defendant's trial counsel, to investigate the incarceration status of Roosevelt Sanders. INSERT: The Sixth Amendment of the U.S. Constitution has been interpreted by the Supreme Court to guarantee to every criminal defendant the right to effective assistance of counsel. Gideon v. Wainwright, 372 U.S. 335, 344, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); CF Powell v. Alabama, 287 U.S. 45, 71, 77 L.Ed 158, 53 S.Ct 55 (1932). The failure to provide effective assistance is a fundamental constitutional error that undermines the entire adversary process. See, Thomas v. Wyrick, 535 F.2d 407, 413 (8th Cir.), Cert. denied, 429 u.s. 868, 50 L.Ed.2d 148, 97 S.Ct. 178 (1976).

12.) Here in the instant case, defendant was prejudiced by counsel's ineffectiveness. Harris v. Housewright, 697 F.2d at 204; Holtan v. Parratt, 683 F.2d 1163, 1167 (8th Cir. 1982), cert denied, 459 U.S. 1225, 103 S.Ct. 1231, 75 L.Ed.2d 466 (1983); United States v. Easter, 539 F.2d. 663, 666 (8th Cir. 1976), because trial counsel failed to preform a duty owed to the defendant. See, Eldridge v. Atkins, 665 F.2d 228, 231-32 (8th Cir. 1981), cert. denied, 456 U.S. 910 72 L.ed.2d 168, 102 S.Ct. 1760 (1982).

13.) The Eighth Circuit has long recognized that there is no substitute for thorough pretrial investigation and preparation. Wolfs v. Britton, 509 F.2d 304, 309 (8th Cir. 1975)("effective assistance refers ... to painstaking investigation in preparation for trial.") It is the duty of the lawyer to conduct a prompt investigation of the circumstances of the case and to explore all avenues leading to facts relevant to

the merits of the case and the penalty in the event of conviction. The duty to investigate exists regardless of the accused admissions or statements to the lawyer or facts constituting guilt or the accused stated desire to plead guilty. ABA Standard for Criminal Justice, Standard 4-4.1 (2d ed. 1980). Defendant here has shown that the ineffective assistance worked to his "actual and substantial disadvantage." Washington v. Strickland, 693 F.2d 1243, 1258-60 (5th Cir. 1982)(*en banc*), Cert. Granted, 462 U.S. 1105, 103 S.Ct. 2451, 77 L.Ed.2d 1332 (1983)(quoting United States v. Frady, 456 U.S. 152, 170 71 L.Ed.2d 816, 102 S.Ct. 1584 (1982). Also see, Harley v. Harley, et al., 284 F.3d 901 (8th Cir. 2002); Ford v. Parratt, 673 F.2d 232 (8th Cir. 1982); McQueen v. Swenson, 498 F.2d 207 (8th Cir. 1974); Parkus v. Delo, 33 F.3d 933 (8th Cir. 1994); Lawrence v. Armontrout, 961 F.2d 113, para. 17 (8th Cir. 1992); Kenley v. Armontrout, (8th Cir. 1991); Griffen v. Delo, 33 F.3d 895 (8th Cir. 1994).

**WHEREFORE**, all premises considered, defendant prays this Honorable Court Grants the relief requested in the foregoing motion.

Dated:

Respectfully submitted:

Keith Crenshaw

Keith B. Crenshaw, Pro se